IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01760-KAS

KELSEE McMILLAN,

     Plaintiff,

v.

MOUNTAIN MEDICINALS, LLC,

     Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss** [#12] (the "Motion"). Plaintiff filed a Response [#36] in opposition to the Motion [#12], and Defendant filed a Reply [#47]. Also before the Court is Plaintiff's **Motion for Summary Judgment** [#48] ("MSJ"). Defendant filed a Response [#50] in opposition to the Motion [#48]. The Court has reviewed the briefing, the entire case file, and the applicable law. For the following reasons, the Motion [#12], converted to a Motion for Summary Judgment, is **granted** and Plaintiff's Motion for Summary Judgment [#48] is **denied**.

## I.    Background

Plaintiff Kelsee McMillan worked for Defendant Mountain Medicinals, LLC from December 2019 until Defendant terminated her in August 2022. *Compl.* [#1], ¶¶ 11, 25. Plaintiff timely filed a Charge of Discrimination with the EEOC. *Id.*, ¶ 8. The EEOC issued a Right-to-Sue letter on March 7, 2025. *Right to Sue Letter* [#1-3]. The EEOC closed the Charge after determining Defendant had an "insufficient number of employees." *Id.*

Plaintiff filed this action on June 5, 2025, asserting Title VII claims for gender discrimination, sexual harassment/hostile work environment, and retaliation. *Compl*. [#1], ¶¶ 33-57.[1] She seeks compensatory damages, attorney fees and costs, and equitable relief. *Id*. at 19.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Motion* [#12]. Defendant argues that it did not qualify as an "employer" under Title VII during the relevant period because it employed only 12 individuals. *Id*. at 4-5. Defendant also argues that Plaintiff failed to exhaust her administrative remedies before asserting her sexual harassment/hostile work environment claim. *Id*. at 5-6.[2]

## II.    Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a claim where the plaintiff has " fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes ' well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State*

---

[1] In her Motion for Summary Judgment, Plaintiff states that she also asserts an intentional infliction of emotional distress claim. *MSJ* [#48] at 1-2. Plaintiff did not include that claim in her Complaint [#1].

[2] Defendant also argues that Stephanie Collins, an employee, is not a proper defendant under Title VII. *Id*. at 6. Plaintiff did not name Ms. Collins as a defendant.

*Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked

assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal

quotations and citation omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the

complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v.*

*NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a

Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at

trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.

1999) (citation omitted).

## B.    Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." In determining whether summary

judgment is appropriate, a court resolves factual disputes and draws reasonable

inferences in favor of the nonmovant. *Chase Mfg., Inc. v. Johns Manville Corp.*, 84 F.4th

1157, 1168 (10th Cir. 2023). However, the "mere existence of *some* alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted).

A factual dispute is genuine if the evidence could enable a reasonable jury to find for the

3

nonmoving party, and a fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *Anderson*, 477 U.S. at 248, 256. When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Only documents that meet the evidentiary requirements of Federal Rule of Civil Procedure 56 may be considered for purposes of summary judgment. A party must support its assertion that a fact cannot be or is genuinely disputed "by citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). Any affidavits or declarations "must be made on personal knowledge, set out facts that would be

4

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).

### III.    Analysis

Defendant did not qualify as an employer under Title VII during the relevant period. Title VII applies only to employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C.A. § 2000e. The Supreme Court has held that this employee-numerosity requirement constitutes an element of a plaintiff's claim for relief. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). A plaintiff therefore must allege facts showing that the defendant qualifies as an employer under Title VII. *Thornton v. JOBEC, Inc.*, No. 18-cv-00713-PAB-SKC, 2019 WL 499262, at *2 (D. Colo. Feb. 8, 2019). Plaintiff's Complaint does not address Defendant's number of employees.

Defendant contends that it never employed fifteen or more individuals during the relevant period and supports that contention with an affidavit from owner Stephanie Collins, signed under penalty of perjury. *Motion* [#12]; *Collins Aff.* [#12-1], ¶ 2.[3] Collins states that Defendant employed twelve individuals in 2021, though not simultaneously, and identifies each individual and their employment dates. *Id.*, ¶ 4(a)-(*l*). She likewise identifies the twelve individuals employed in 2022 and their employment dates. *Id.*, ¶ 5(a)-(*l*). Collins further states that Defendant never employed fifteen or more individuals for twenty or more weeks in any relevant calendar year. *Id.*, ¶ 6.

---

[3] To consider the Affidavit, the Court must convert the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

In her Response, Plaintiff offers no contrary evidence and states only that she "can account for 15+ staff members." *Response* [#36] at 1. Conclusory assertions unsupported by specific evidence cannot create a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).

In her Motion for Summary Judgment, Plaintiff accuses Defendant of falsifying documents submitted to the EEOC regarding the number of employees. *MSJ* [#48] at 4. She asserts that "Defendant's own discovery exhibit (Exhibit 5) confirms employee count falls within Title VII." *Id*. Instead of filing discrete exhibits, Plaintiff submitted more than 200 pages of documents in a single filing. *Id*. at 7-233. The Court need not search the record to locate support for a party's assertions. *See Peterson v. Garmin Int'l, Inc.*, 833 F. Supp. 2d 1299, 1303 (D. Kan. 2011); *see also VanHorn v. U.S. Postal Serv.*, No. 21-1067-DDC-GEB, 2023 WL 3159619, at *8 (D. Kan. Apr. 28, 2023) (although courts construe pro se filings liberally, they cannot act as a party's advocate or excuse compliance with procedural rules).

Even so, because the pending motions turn on this dispositive issue, the Court reviewed the documents Plaintiff appears to reference. Defendant's Exhibit Five corresponds with Collins' declaration and identifies the same individuals and employment dates. *Compare Collins Aff.* [#12-1], ¶¶ 4(a)-(l), 5(a)-(l), *with Def.'s Ex. 5* [#48] at 117–18. The exhibit therefore supports, rather than contradicts, Defendant's position.

The record establishes that Defendant did not qualify as an employer under Title VII during the relevant period. Defendant is entitled to judgment as a matter of law on Plaintiff's Title VII claims.[4]

---

[4] Because the Court has determined Defendant was not an employer under Title VII, it is unnecessary to address Defendant's exhaustion argument and Plaintiff's merits arguments.

## IV.     Conclusion

For the reasons set forth above, IT IS **ORDERED** as follows:

Defendant's Motion to Dismiss, converted to a Motion for Summary Judgment, [#12] is **GRANTED** and summary judgment is entered in Defendant's favor against each of Plaintiff's claims;

Plaintiff's Motion for Summary Judgment [#48] is **DENIED**; and

The Clerk of Court shall **TERMINATE** this matter.

Dated: March 17, 2026                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge